IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| I.C. ISAACS & COMPANY, INC., | * | |
| Plaintiff/Counterclaim Defendant, | * | |
| | * | Civil Action No. CCB00/CV 485 |
| v. | * | |
| SEATTLE PACIFIC INDUSTRIES, INC., d/b/a UNIONBAY SPORTSWEAR, | * | |
| Defendant/Counterclaim Plaintiff. | * | |
| | * | |

\* \* \* \* \* \* \* \*

**STIPULATED PROTECTIVE ORDER**

The parties, through their respective counsel of record, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Local Rule 104.13, hereby stipulate that the Court may enter the following Protective Order:

1. The parties to this litigation desire to hold confidential and to limit the disclosure of certain financial, trade secret, and other competitively sensitive commercial information ("Confidential Information") which may be produced during discovery or trial of this action. See Rule 26(c)(7) of the Federal Rules of Civil Procedure. Accordingly, the parties hereto enter this agreement and stipulation governing the use of such Confidential Information and stipulate and agree as follows:

2. Any party hereto may designate as Confidential Information trade secret or other confidential financial, personal, advertising, promotional, creative and other competitively



sensitive commercial information which it believes in good faith contains Confidential Information. Such Confidential Information may be designated by the producing party as "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY" or "CONFIDENTIAL." Any party may also designate as Confidential Information any orally conveyed information, provided that the party indicates that such information is confidential at the time of the disclosure and provided further that the disclosing party confirms the scope of the confidential disclosure in writing to the receiving party within 14 days of such disclosure except as set forth in Paragraph 7.

3. The designation of Confidential Information shall be made by the producing party, by stamping on those documents or materials, produced in any form, the words "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "CONFIDENTIAL." Each individual page of a multi-page document must be stamped pursuant to this Paragraph to designate the entire document as Confidential Information. Court officials, including court reports and persons operating video recording equipment at depositions, in the exercise of their duties in this litigation, may receive and review Confidential Information under this Protective Order.

4. "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" shall not be furnished, shown or disclosed to any person except (i) outside counsel of record for the receiving party and, where appropriate, paralegal and other professional and clerical personnel employed by outside counsel, including any outside copying service (collectively referred to herein as "outside counsel support staff"); (ii) subject to Paragraph 6, outside experts retained to assist outside counsel for the receiving party, including employees and assistants of such experts, provided that such person or persons sign the acknowledgement, as set forth in Paragraph 6; (iii) subject to Paragraph 6, outside translators retained to assist outside counsel for the receiving party, including employees and assistants of such translators, provided

that such person or persons sign the acknowledgement, as set forth in Paragraph 6; (iv) the author of the document and each recipient of a copy of the document, only insofar as the recipient is identified on the document; (v) the officer taking or reporting the deposition and employees of such reporter to the extent necessary to prepare the transcript of the deposition; and (vi) the court and persons associated with or employed by the court whose duties require access to the information.

5. Confidential Information, and all information contained therein, unless obtained from a non-protected or public source, shall be used for no purpose except for the purposes of this litigation and shall not be disclosed except in accordance with this Protective Order or other order of the Court. As used herein, the phrase "the purposes of this litigation" does not include using Confidential Information to communicate with the manufacturers, distributors, retailers, vendors, or customers of any party to this litigation with respect to such Confidential Information.

6. Each person permitted to view Confidential Information pursuant to Paragraph 4 shall be informed of this Protective Order and shall orally agree to the terms thereof. Each outside expert and outside translator shall sign an acknowledgment of this stipulation in the form attached as Exhibit A.

7. Any party may designate any portion of a deposition as Confidential Information by notifying the other parties on the record during the deposition or in writing within thirty (30) days after receipt of the deposition transcript. Notwithstanding the foregoing, all information disclosed at a deposition shall be treated as Confidential for a period of thirty (30) days after receipt of the transcript.

8. Any party, in good faith, may designate as Confidential Information at any time information which has been previously produced in the event of that party's inadvertent failure to make such a designation earlier.

9. In the event that any party to this litigation disagrees with the propriety of a designation of any information as Confidential Information, the parties shall try first to resolve such dispute in good faith on an informal basis. If the dispute cannot be so resolved, then the party claiming that the information is not properly designated may seek appropriate relief from this Court.

10. Consistent with Local Rule 104.13, upon an application to the Court of a dispute under this Agreement, in the event that the Court orders the removal of the "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" designation from any Confidential Information, the burden is on the designating party to justify the retention of the designation under Rule 26(c) of the Federal Rules of Civil Procedure.

11. Witnesses deposed in this litigation who might not otherwise be entitled to see Confidential Information may be shown Confidential Information if 1) the witness is a current employee of the party that designated the information under this Protective Order; or 2) the party wishing to show the witness Confidential Information obtains the consent of the designating party before the witness is shown the Confidential Information and the witness agrees to sign the acknowledgment attached as Exhibit B. Not later than 14 days before the deposition of such witnesses (unless otherwise agreed by the parties or ordered by the Court for good cause shown) the party wishing to show Confidential Information to a witness shall provide counsel for the designating party a list of Confidential Information which the requesting party reasonably expects may be used during the deposition. The designating party has 7 days to object to the proposed disclosure. If, following good faith negotiations, the designating party does not

consent, the parties shall schedule a conference call with the Court to resolve the dispute prior to the deposition. The party wishing to show Confidential Information to the witness bears the burden of showing why the witness should be permitted to see another party's Confidential Information.

12. All extracts and summaries of Confidential Information, as well as briefs or other pleadings quoting or disclosing such Confidential Information, shall also be treated as confidential in accordance with the provisions of this Protective Order.

13. Any court filings containing information designated as Confidential Information shall be filed with the Court in a sealed envelope with a notation on the front of the envelope as follows:

> "Confidential--Subject to Protective Order. This document is filed under seal pursuant to an Order of this Court entered in this action and shall not be opened except by the Court, or upon order of the Court, or by stipulation of the parties."

14. Consistent with Local Rule 105.11, any party that proposes to file Confidential Information under seal with any pleading must simultaneously submit with the pleading a motion and accompanying order to permit such sealing. In the event that the Confidential Information included with any pleading has been designated by a party other than the party filing the pleading, the party filing the pleading containing the other party's Confidential Information shall provide simultaneously with the filing written notice to the designating party that its Confidential Information is included in the filing. The motion should also include proposed reasons supported by specific factual representations to justify the sealing and should also explain why alternatives to sealing would not provide sufficient protection. The Court will not rule on the motion for at least 14 days after it is entered on the public docket to permit the filing of objections by interested parties. All Confidential Information filed under seal, together with such motion, are

temporarily sealed pending disposition of the motion. If such motion is denied, the party making the filing will be given an opportunity to withdraw the Confidential Information.

15    Upon final termination of this action, all Confidential Information (including all copies thereof) shall be returned to the disclosing party or, with that party's consent, destroyed by counsel for the receiving party or the Court clerk. Counsel for receiving party and/or the Court clerk shall confirm the destruction in writing. Notwithstanding the foregoing, outside counsel of record may retain archival copies of correspondence, memoranda, transcripts, pleadings or other papers filed or served in this litigation which incorporate or include Confidential Information.

16.   Nothing herein shall bar or restrict any attorney from rendering advice to his client with respect to this litigation and, in the course thereof, relying upon (without disclosing) examination of Confidential Information.

17.   The terms of this Protective Order shall survive and remain in full force after the termination of this lawsuit and the Court shall have jurisdiction over the parties, their attorneys, and all persons to whom Confidential Information has been disclosed for the purpose of enforcing the terms of this Protective order and/or redressing any violation thereof.

18.   The Clerk is ordered to show a copy of this Protective Order to anyone desiring access to any of the papers of this suit and to deny access to all papers filed with the Court pursuant to paragraph 3 and 4 of this Protective Order.

19.   Any party may seek a modification of this Protective Order. A party seeking a modification shall first seek to obtain the agreement of all other parties. If agreement can not be obtained, the party seeking modification may upon motion, and for good cause shown, seek an order of the Court.



Charles R. Bacharach (Fed. Bar No. 06751)
Gordon, Feinblatt, Rothman, Hoffberger
 & Hollander, LLC
233 East Redwood Street
Baltimore, Maryland 21202
410-576-4169

Laura E. Goldbard
(pro hac vice)
Heather Danzig
(pro hac vice)
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, New York 10038

Attorneys for Seattle Pacific Industries, Inc.

_____
Robert J. Mathias (Fed. Bar No. 00253)
Jeffrey E. Gordon (Fed. Bar No. 023264)
Piper Marbury Rudnick & Wolfe LLP
6225 Smith Avenue
Baltimore, Maryland 21209
410-580-3000

Robert DeVos (Md. Trial Bar No. 03346)
B. Parker Livingston, Jr.
Burns, Doan, Swecker & Mathis, LLP
P.O. Box 1404
Alexandria, Virginia 22313
703-836-6620

Attorneys for I.C. Isaacs & Company, Inc.

**SO ORDERED:**

__July 3, 2000__
Date

_____
The Honorable Judge Catherine C. Blake
United States District Court Judge
United States District Court for the
 District of Maryland

## EXHIBIT A
## OUTSIDE EXPERT AND/OR TRANSLATOR

WHEREAS, I, _____, have agreed to act as an expert and/or translator in the proceeding before the United States District Court for the District of Maryland, I.C. Isaacs & Company, Inc. v. Seattle Pacific Industries, Inc., d/b/a Unionbay Sportswear, Civil Action No.: CCB00 CV 485, and may have cause to examine materials that are designated "Confidential" and "Confidential - Outside Attorney's Eyes Only" pursuant to the foregoing Protective Order.

NOW, THEREFORE, I hereby acknowledge that I have read and understood and consent to be bound by the provisions of the Protective Order and to abide by all of its terms with respect to materials deemed confidential in this proceeding.

_____
[Expert and/or Translator's Name and Address]

Dated:_____

## EXHIBIT B
## WITNESS

WHEREAS, I, _____, have been called to testify in connection with the proceeding before the United States District Court for the District of Maryland, <u>I.C. Isaacs & Company, Inc. v. Seattle Pacific Industries, Inc., d/b/a Unionbay Sportswear</u>, Civil Action No.: CCB00 CV 485, and may have cause to examine materials that are designated "Confidential" and "Confidential – Outside Attorneys' Eyes Only" pursuant to the foregoing Protective Order.

NOW, THEREFORE, I hereby acknowledge that I have read and understood and consent to be bound by the provisions of the Protective Order and to abide by all of its terms with respect to materials deemed confidential in this proceeding.

_____
[Witness's Name and Address]

Dated:_____